UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Evaline M.,

    Plaintiff,

v.                                                              Civil Action No. 2:18–cv–33

Commissioner of Social Security,

    Defendant.

## **OPINION AND ORDER**
(Docs. 12, 13)

Plaintiff Evaline M. brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting review and remand of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Pending before the Court are Plaintiff's motion to reverse the Commissioner's decision (Doc. 12), and the Commissioner's motion to affirm the same (Doc. 13). For the reasons stated below, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is REMANDED for further proceedings and a new decision.

## **Background**

Plaintiff was 51 years old on her alleged disability onset date of December 2, 2011. She has a GED and a bachelor's degree, and experience working as a secretary and a retail sales associate. She is single, and lives with her adult son.

Plaintiff suffers from back pain, leg pain, right shoulder pain, carpal tunnel syndrome (CTS), cardiopulmonary obstructive disorder (COPD), incontinence, depression, and anxiety. She has had surgery on her shoulder and multiple surgeries on her hands. She uses a prescribed cane every day because she feels unstable when standing or walking. Her daily activities consist of cooking simple meals, watching movies, and reading. She spends more than half of each day laying down due to pain and fatigue resulting from prescribed medications.

In December 2011, Plaintiff filed her first claim for SSI and DIB, alleging disability beginning on April 30, 2008. (AR 81.) The claim was denied initially and upon reconsideration; and on June 26, 2013, Administrative Law Judge (ALJ) Matthew Levin issued an unfavorable decision, finding that Plaintiff "has not been under a disability . . . from April 30, 2008, through the date of this decision." (*Id.*; AR 89.) In August 2014, the Appeals Council denied Plaintiff's request for review of ALJ Levin's decision, making the decision final. (AR 95–97.) Plaintiff did not appeal the decision.

Approximately six months later, in February and March 2015, Plaintiff filed her second claim for SSI and DIB, this time alleging disability beginning on December 2, 2011. (AR 250–60.) In this more recent claim—which is the subject of the instant lawsuit—Plaintiff asserts that she stopped working on April 5, 2008, and has been unable to work since then, due to degenerative disc disease, arthritis, gastroesophageal reflux disease, CTS, sleep apnea, and COPD. (AR 270.) Like her first claim, this one was denied initially and upon reconsideration. On July 7, 2016,

ALJ Joshua Menard conducted a hearing on the claim. (AR 36–77.) Plaintiff appeared and testified, as did a vocational expert (VE). At the hearing, Plaintiff's counsel: (a) requested that ALJ Levin's June 2013 decision be reopened under 20 C.F.R. §§ 404.988(c)(8) and 416.1489(a)(3) due to error on its face,[1] and (b) objected to four exhibits containing Disability Determination Explanations prepared by agency medical consultants on the grounds that they were based on records not in evidence. (AR 40–41.)

On August 15, 2016, ALJ Menard issued a decision denying Plaintiff's request to reopen the 2013 decision (AR 20), overruling Plaintiff's objection to the four Disability Determination Explanations (*id.*), and finding that Plaintiff "has not been under a disability . . . from December 2, 2011, through the date of this decision" (AR 21, 29). Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1–3.) Having exhausted her administrative remedies, Plaintiff filed the Complaint in this action on February 20, 2018. (Doc. 3.)

---

[1] Plaintiff's counsel argued that none of the jobs relied on by ALJ Levin to deny Plaintiff's prior claim at step five could be performed by an individual with the RFC that the ALJ assigned to Plaintiff. (AR 40–41.) More specifically, the argument is that ALJ Levin's determination that Plaintiff could only occasionally reach overhead, forward, and laterally with her right upper extremity, and could only occasionally grasp with her dominant right hand (*see* AR 85), precluded Plaintiff from performing the jobs that the ALJ found she could perform—bottle label inspector, laundry sorter, and order caller (*see* AR 88)—because each of these jobs requires more than occasional reaching or handling according to the Dictionary of Occupational Titles (DOT), *see Dictionary of Occupational Titles* (4th rev. ed. 1991), DOT no. 920.687-042, 1991 WL 687971 (bottling-line attendant); DOT no. 361.687-014, 1991 WL 672991 (laundry sorter); DOT no. 209.667-014, 1991 WL 671807 (order caller). (AR 40–41.)

## ALJ Decision

The Commissioner uses a five-step sequential process to evaluate disability claims. *See Butts v. Barnhart*, 388 F.3d 377, 380–81 (2d Cir. 2004). The first step requires the ALJ to determine whether the claimant is presently engaging in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not so engaged, step two requires the ALJ to determine whether the claimant has a "severe impairment." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the ALJ finds that the claimant has a severe impairment, the third step requires the ALJ to make a determination as to whether that impairment "meets or equals" an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). 20 C.F.R. §§ 404.1520(d), 416.920(d). The claimant is presumptively disabled if his or her impairment meets or equals a listed impairment. *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984).

If the claimant is not presumptively disabled, the ALJ is required to determine the claimant's residual functional capacity (RFC), which means the most the claimant can still do despite his or her mental and physical limitations based on all the relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e), 416.945(a)(1). The fourth step requires the ALJ to consider whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Finally, at the fifth step, the ALJ determines whether the claimant can do "any other work." 20 C.F.R. §§ 404.1520(g), 416.920(g). The claimant bears the burden of proving his or her case at

4

steps one through four, *Butts*, 388 F.3d at 383; and at step five, there is a "limited burden shift to the Commissioner" to "show that there is work in the national economy that the claimant can do," *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (clarifying that the burden shift to the Commissioner at step five is limited, and the Commissioner "need not provide additional evidence of the claimant's [RFC]").

Employing this sequential analysis, in his August 2016 decision, ALJ Menard first determined that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of December 2, 2011. (AR 23.) At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, obesity, and COPD.[2] (*Id.*) Conversely, the ALJ found that Plaintiff's CTS, sleep apnea, disorder of the gastrointestinal system, anxiety, depression, and incontinence were nonsevere. (*Id.*) At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a listed impairment. (AR 24.) Next, the ALJ determined that Plaintiff had the RFC to perform "light work," as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except as follows: "[Plaintiff] can frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, frequently stoop, occasionally crouch, and occasionally crawl. She can have frequent exposure to dusts, odors, fumes, and pulmonary

---

[2] In contrast, in the earlier June 2013 decision, ALJ Levin found that Plaintiff had the severe impairments of degenerative disc disease, degenerative joint disease of the right shoulder, right CTS, and bilateral thumb degenerative joint disease. (AR 83.)

5

irritants."[3] (AR 24.) Given this RFC, ALJ Menard found at step four that Plaintiff was capable of performing her past relevant work as a secretary.[4] (AR 29.) The ALJ thus concluded that Plaintiff had not been under a disability from her alleged onset date of December 2, 2011 through the date of the decision, August 15, 2016.[5] (*Id.*)

### **Standard of Review**

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found disabled only if it is determined that his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

---

[3] ALJ Levin assigned a different RFC to Plaintiff in his 2013 decision, finding that Plaintiff could perform "light" work, except as follows: "[Plaintiff] can frequently balance, crawl, stoop, crouch, and kneel . . . . She can occasionally climb ladders, ropes[,] and scaffolds[,] and occasionally perform overhead, forward[,] and lateral reaching with her right upper extremity. She can occasionally grasp with the dominant right hand." (AR 85.)

[4] ALJ Levin, on the other hand, found in his decision that Plaintiff was unable to perform her past relevant work. (AR 87.) He nonetheless determined that Plaintiff could perform other work existing in significant numbers in the national economy, including the jobs of bottle label inspector, laundry sorter, and order caller. (AR 88–89.)

[5] ALJ Levin concluded in his decision that Plaintiff had not been under a disability from April 30, 2008 through June 26, 2013, the date of the decision. (AR 89.) Therefore, the disability period adjudicated in the two ALJ decisions overlaps for the period from December 2, 2011 through June 26, 2013.

In considering the Commissioner's disability decision, the court "review[s] the administrative record [de novo] to determine whether there is substantial evidence supporting the . . . decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)); *see* 42 U.S.C. § 405(g). The court's factual review of the Commissioner's decision is thus limited to determining whether "substantial evidence" exists in the record to support such decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *see Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). "Substantial evidence" is more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Poupore*, 566 F.3d at 305. In its deliberations, the court should bear in mind that the Social Security Act is "a remedial statute to be broadly construed and liberally applied." *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981).

## Analysis

Plaintiff argues that remand is required because ALJ Menard's decision is ambiguous regarding whether Plaintiff's prior claim was reopened. According to Plaintiff, if the ALJ constructively reopened the prior claim, he erred by failing to address whether Plaintiff's shoulder impairment improved after the initial ALJ decision; and if the ALJ did not reopen the prior claim, he erred by relying on the

7

agency consultant opinions because the record does not contain the medical evidence on which these consultants relied in making their opinions. The Court agrees on all points, as discussed below.

Where a claimant seeks to reopen a claim after a final decision has been rendered on that claim, the Commissioner may refuse under the doctrine of res judicata. *Saxon v. Astrue*, 781 F. Supp. 2d 92, 99 (N.D.N.Y. 2011) (citing *Dunn v. Astrue*, No. 08–CV–0704–C, 2010 WL 376390, at *3 (W.D.N.Y. Jan. 27, 2010)). The Commissioner's refusal to reopen the prior claim is not a final decision for the purposes of 42 U.S.C. § 405(g), and thus federal courts lack jurisdiction to review it. *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977)). There are two circumstances, however, in which the federal courts may review the Commissioner's decision not to reopen a disability application: (1) where the Commissioner has constructively reopened the case; and (2) where the claimant has been denied due process. *Byam*, 336 F.3d at 179. The ALJ "constructively reopens" a decision if he reviews the entire record and renders a decision on the merits. *Id.* at 180 ("If the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived and thus, the claim is . . . subject to judicial review." (alteration in original) (internal quotation marks omitted)). In contrast, a matter is not constructively reopened when the ALJ merely discusses prior proceedings and evidence to describe a

8

claimant's background.  *Grant v. Shalala*, No. 93-CV-0124E(F), 1995 WL 322589, at *7 (W.D.N.Y. Mar. 13, 1995).

Here, it is unclear whether ALJ Menard constructively reopened Plaintiff's prior claim: although the ALJ explicitly adjudicated a period that overlapped with the period adjudicated in the prior claim, he does not appear to have reviewed the records relevant to that claim.  Specifically, ALJ Levin's 2013 decision adjudicates the period from April 30, 2008 through June 26, 2013 (AR 81–89); and ALJ Menard's 2016 decision adjudicates the period from December 2, 2011 through August 15, 2016 (AR 20–30).  Therefore, the decisions overlap for the period from December 2, 2011 through June 26, 2013.  The Commissioner argues that ALJ Menard did not adjudicate this period, but rather, adjudicated the period from June 27, 2013 through the date of his decision, August 15, 2016.  (Doc. 13 at 6.)  But that is not what ALJ Menard's decision states: the decision explicitly states—twice—that the period under review is "December 2, 2011, through the date of this decision." (AR 21, 29.)  The Commissioner apparently expects the Court to accept her assertion that the ALJ made a "clerical error" (Doc. 13 at 5)—in two different sections/pages of his decision (AR 21, 29)—in stating that the period under review began on December 2, 2011 instead of on June 27, 2013.  This would be a glaring "clerical error," and overlooking it would require the Court to abandon the longstanding principal that the Social Security Act is "a remedial statute, to be broadly construed and liberally applied in favor of beneficiaries," *Gutierrez v. Bowen*, 898 F.2d 307, 310 n.3 (2d Cir. 1990) (quoting *McCuin v. Sec'y of Health & Human Servs.*, 817 F.2d 161,

9

174 (1st Cir. 1987) and citing *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975)), and the more general canon that "deference is to be paid to the plain meaning of the language of a [decision] and the normal usage of the terms selected," *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985). The Court is unwilling to do so.

If ALJ Menard constructively reopened the prior claim, he erred by failing to address whether Plaintiff's shoulder impairment improved between the 2013 decision and the 2016 decision. As noted above, the two decisions differ greatly regarding their treatment of Plaintiff's shoulder impairment: in the 2016 decision, ALJ Menard does not find the impairment to be severe and includes no functional limitations due to the impairment (AR 23–24); while in the 2013 decision, ALJ Levin finds the impairment to be severe and limits Plaintiff to only occasional overhead, forward, and lateral reaching with her right upper extremity as a result of the impairment (AR 83–85).[6] Given that the 2013 and 2016 decisions adjudicated a portion of the same period (from December 2, 2011 through June 26, 2013), both cannot be correct. Remand for clarification of this issue is required. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("Remand is particularly appropriate where . . . we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision." (internal quotation marks omitted)); *Butts*, 388 F.3d at 385 ("[W]here the administrative record contains

---

[6] The 2013 decision also finds as follows regarding Plaintiff's shoulder impairment: "In 2008, images of [her] right shoulder revealed chronic inflammation and irritation of the acromioclavicular joint. By May of 2010, she had been diagnosed with bursitis of the right shoulder." (AR 83.)

10

gaps, remand to the Commissioner for further development of the evidence is appropriate. That is, when further findings would so plainly help to assure the proper disposition of [the] claim, we believe that remand is particularly appropriate." (second alteration in original) (citation and internal quotation marks omitted)); *Pronti v. Barnhart*, 339 F. Supp. 2d 480, 491 (W.D.N.Y. 2004) (ALJ erred in failing to reconcile "confusing and ambiguous" VE testimony).

Generally, in a situation like this, principles of collateral estoppel and res judicata[7] would dictate that the later decision be bound by the earlier one, unless there is evidence that the impairment improved. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."); *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987) ("It is by now well[] established that fundamental and familiar principles of [res judicata] apply in Social Security disability cases." (citing *Benko v. Schweiker*, 551 F. Supp. 698, 701 (D. N.H. 1982)); *Sanville v. Comm'r of Soc. Sec.*, Civil Action No. 2:16–cv–251, 2017 WL 4174783, at *3 (D. Vt. Sept. 20, 2017) ("Congress has clearly provided by statute that [res judicata] prevents reappraisal of both the [Commissioner's] findings and h[er] decision in Social Security cases that have become final[.]" (alterations in original) (internal quotation marks omitted)); *Wessel v. Colvin*, Civil No. 3:14CV00184 (AVC), 2015 WL 12712297, at *4 (D. Conn. Dec. 30, 2015) ("[Res

---

[7] "Res judicata bars the relitigation of the same claim or cause of action while collateral estoppel bars the relitigation of the same issue." *Singletary v. Astrue*, No. 07-CV-6025-CJS, 2008 WL 1323892, at *3 (W.D.N.Y. Jan. 22, 2008).

11

judicata] has been applied to bind a subsequent ALJ to the findings of a previous ALJ."); *cf., Wessel*, 2015 WL 12712297, at *5 ("When a plaintiff's claim involves a different unadjudicated time period, an ALJ is not bound by a prior ALJ's findings." (citing *Gonzales v. Colvin*, 515 F. App'x 716, 721 (10th Cir. 2013))). But the 2016 decision neither adopts the findings of the 2013 decision regarding Plaintiff's shoulder impairment, nor explains why they no longer apply given an improvement in the impairment.[8] Instead, the 2016 decision assigns "partial weight" to the 2013 decision (AR 29), improperly treating it like a medical opinion or other evidence to be weighed on the evidentiary scale, rather than as a prior administrative decision on the same claim. The error is not harmless because, had ALJ Menard adopted ALJ Levin's findings regarding Plaintiff's manipulative limitations due to her shoulder impairment (AR 85), ALJ Menard's finding that Plaintiff could do her past relevant work as a secretary would be unsupported (AR 29).

Given the ambiguity regarding the ALJ's constructive reopening of the prior claim—and the fact that the ALJ explicitly considered Plaintiff's impairments dating back to December 2011, which time period was included in the prior claim— the ALJ should have admitted into evidence the records from the prior claim, especially since he relied on agency consultant opinions that relied on those records. *See* HALLEX I-2-6-58, 1993 WL 643036 (*last update 5/1/17*) (an ALJ "will generally admit into the record any evidence that he or she determines is material to the

---

[8] Plaintiff testified at the July 2016 administrative hearing that her shoulder impairment had worsened since the first administrative hearing, and that her ability to reach had lessened between the dates of the hearings. (AR 63–64.)

12

issues in the case," including "[e]vidence dated within a time[] period covered by a prior application that may be subject to reopening"). The prior claim contained 29 exhibits in the medical records section, covering the period from June 2007 to April 2013. (AR 92–94.) The current claim, on the other hand, contains only nine exhibits in the medical records section, covering the period from April 2013 to June 2016. (AR 33–34, 321–452.) Although the ALJ adjudicated the period beginning in December 2011, there are no records from before April 2013 in the current file. This was discussed at the administrative hearing (AR 40–42), but the ALJ did not assure that the relevant records were added to this file. The ALJ thus failed to properly develop the record. *See Klemens v. Berryhill*, 703 F. App'x 35, 36 (2d Cir. 2017) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." (internal quotation marks omitted)).

ALJ Menard gave "great weight" to the opinions of nonexamining agency consultants Geoffrey Knisely, MD and Carl Runge, MD (AR 28, 29), despite the fact that both physicians had reviewed medical records that were not included in the record before the ALJ. At the July 2016 hearing, Plaintiff's counsel objected to the ALJ's consideration of these opinions on this ground, explaining that Drs. Knisely and Runge "looked at a whole pile of records that are just not in [the current record]." (AR 41; *see also* AR 40 (Plaintiff's attorney advising ALJ Menard at the hearing that the consultants had reviewed exhibits listed on a seven-page document, and that most of those exhibits are "not in the record").) Also noteworthy, it appears

13

that the opinions of Drs. Knisely and Runge relate to the period beginning on June 27, 2013 rather than on December 2, 2011, which period the ALJ adjudicated. (*See* AR 111, 127, 143.) Considering these deficiencies, it is impossible to determine whether the opinions of Drs. Knisely and Runge are consistent with the record as a whole and thus whether they constitute substantial evidence to support the ALJ's decision for the adjudicated period. *See Babcock v. Barnhart*, 412 F. Supp. 2d 274, 280 (W.D.N.Y. 2006) (agency consultant opinions "may constitute substantial evidence if they are consistent with the record as a whole" (internal quotation marks omitted)); *Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990) ("it is erroneous to rely on items not in the record").

## Conclusion

For these reasons, the Court GRANTS Plaintiff's motion (Doc. 12), DENIES the Commissioner's motion (Doc. 13), and REMANDS for further proceedings and a new decision in accordance with this ruling. On remand, the ALJ shall clarify the dates of the adjudicated disability period, properly develop the record for the relevant period, consider the precedential effect of the prior (2013) ALJ decision, consider Plaintiff's right shoulder impairment during the relevant period, and reassess the medical evidence and opinions in light of the above.

Dated at Burlington, in the District of Vermont, this 3rd day of October 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge